UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

MICHAEL L. STEVENS,

        Defendant.
_____/

NO. CR. 04-00289 WBS

ORDER

----oo0oo----

Presently before the court is Michael L. Stevens' motion for the return of $1590 pursuant to Federal Rule of Criminal Procedure 41(g).

Stevens' $1590 was administratively forfeited by the Drug Enforcement Agency ("DEA") pursuant to 19 U.S.C. § 1609 on December 27, 2004. (Gov.'s Opp'n Attach. B Ex. 10.) Therefore, Stevens' only avenue for relief is under the Capital Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983. United States v. Cobian, No. 04-5066, 2008 WL 5397141, at *3 (E.D. Cal. Dec. 23, 2008) ("CAFRA sets forth the exclusive remedy for seeking to

1

set aside a declaration of forfeiture under a civil forfeiture statute." (citing 18 U.S.C. § 983(e)(5); Mesa Valderrama v. United States, 417 F.3d 1189, 1195 (11th Cir. 2005))).  Further, since CAFRA is the exclusive remedy for seeking to set aside an administrative declaration of forfeiture, the court lacks jurisdiction to consider the merits of the forfeiture determination and is limited to reviewing whether the proper procedural safeguards were followed.  Id. at *4 (citing Mesa Valderrama, 417 F.3d at 1196).

To set aside a declaration of forfeiture under CAFRA, the moving party must demonstrate that:

> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1).

Here, Stevens has failed to satisfy CAFRA's first requirement.  Although Stevens alleges that he never received notice of the forfeiture proceedings (Mot. for Return of $1590 at 1), the Government provides sufficient evidence that the DEA took reasonable steps to apprise Stevens of the pending forfeiture. See United States v. 2001 Volkswagen Beetle, No. 07-300, 2008 WL 5120737, at *6 (E.D. Cal. Dec. 5, 2008) ("Reasonable notice . . . requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." (quoting Mesa Valderrama, 417 F.3d at 1197)); accord United States v. Real Property, 135 F.3d 1312, 1316 (9th Cir. 1998).

2

1         Specifically, in a sworn declaration, DEA Forfeiture
2    Counsel John Hieronymus states that on July 22, 2004, written
3    notice of the proceedings was mailed to Stevens' last known
4    address, his attorney, and the Sacramento County Jail where
5    Stevens was awaiting trial.  (Hieronymus Decl. ¶¶ 4(b)-(d); id.
6    Exs. 1-6.)  This notice contained a description of the seized
7    property, the procedure for requesting remission or mitigation of
8    forfeiture, and the procedure for contesting forfeiture.
9    (Hieronymus Decl. Exs. 2, 4, 6.)  The DEA subsequently received a
10   completed return receipt in response to the notice sent to
11   Stevens' attorney.  (Id. Ex. 6.)  In addition, pursuant to 19
12   U.S.C. § 1607(a) and 21 C.F.R. § 1316.75, the DEA published a
13   notice of the property's seizure in The Wall Street Journal on
14   August 2, 9, and 16, 2004.  (Id. Ex. 7.)  On October 28, 2004,
15   the DEA mailed notice to Stevens at an additional address, care
16   of one Victor Haltom (id. Ex. 8), and the DEA received a
17   completed return receipt (id. Ex. 9).
18        In light of the Government's efforts to impart notice
19   to Stevens of the forfeiture proceedings, Stevens cannot prevail
20   on his motion as a matter of law.  See, e.g., Real Property, 135
21   F.3d at 1316 (concluding that the Government provided reasonable
22   notice through publication, certified mail, and by delivery to
23   the claimant's attorney); Bye v. United States, 105 F.3d 856, 857
24   (2d Cir. 1997) (per curiam) (finding reasonable notice where the
25   claimant "was a pretrial detainee involved in an ongoing
26   proceeding in which he was represented by counsel; a copy of the
27   notification letter was sent to his counsel; and that notice did
28   not go undelivered"); United States v. 2001 Volkswagen Beetle,

No. 07-300, 2008 WL 5120737, at *4 (E.D. Cal. Dec. 5, 2008) ("At a minimum . . . Pacheco has had notice of the pending forfeiture action since March 6, 2007, when his attorney received the initial complaint and related papers . . . ."). Accordingly, the court must deny Stevens' motion.

      IT IS THEREFORE ORDERED that Stevens' motion for the return of $1590 be, and the same hereby is, DENIED.

DATED: January 7, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4